## Retirement Payments by School Employes on Leave. No. 2

BARCO, Deputy Attorney General, August 10, 1943. —This is a companion opinion to our formal opinion no. 465, Retirement Payments by School Employes on Leave (No. 1), 47 D. & C. 673, which concerns itself with a request for advice relating to the effect of the decision of the Supreme Court of Pennsylvania in the case of Kurtz v. Pittsburgh et al., 346 Pa. 362 (1943), upon the validity of the Act of August 1, 1941, P. L. 744, relating to the rights and privileges of public

school employes who have been granted leaves of absence for military or naval service in time of war or National emergency.

In that opinion, we considered the questions relating to the retirement benefits of school or vocational school employes as affected by reason of the decision of the Supreme Court in the Kurtz case, supra. In this opinion we shall direct our attention to a series of other questions propounded by you because of this same decision. We shall state and answer these questions seriatim:

1. Does the Act of August 1, 1941, P. L. 744, fall with the Act of June 7, 1917, P. L. 600?

The Act of August 1, 1941, P. L. 744, 24 PS §2371.1 et seq., reserves all rights and privileges of public school employes who are granted military or naval leaves in time of war or during a state of National emergency. The title to the act provides as follows:

"An act requiring school boards in all school districts, and boards of directors of all vocational school districts, to grant leaves of absence to all school employes who shall volunteer or be called for military or naval service in time of war or during a state of national emergency; preserving certain contracts, salaries, increments, retirement rights, seniority, State contributions and grants to local school boards, eligibility lists, reëmployment; authorizing school boards and boards of directors of vocational schools to employ substitutes in place of such employes; requiring school districts and vocational school districts to make additional payments into the School Employes' Retirement Fund; reserving all rights and privileges of employes granted leaves of absence under the provisions herein, and superseding or repealing all contrary laws."

The contents of this title amply demonstrate the wide scope covered by the legislation. A study of this title and the various provisions of the act readily indicates that the subject matter concerns itself with much

more than just the subject matter of the provisions of the Act of 1917, supra. As a matter of fact, section 6 of the 1941 act, supra, repeals the provisions of the Act of 1917 insofar as they are applicable to the employes of school and vocational school districts and all other inconsistent parts of the act. However, the underlying principle of the 1917 act was reënacted in the 1941 law insofar as school and vocational school employes are concerned. In section 3 (c), 24 PS §2371.3, we have the following:

"(c) During the leave of absence under the aforesaid conditions the school board or board of directors of vocational schools shall be required to pay to the dependent wife, dependent child or children or dependent parent or parents of the employe the difference between his regular salary and the salary paid to any substitute employe temporarily engaged because of such absence, but in no event more than half of the employe's regular salary from the school district or vocational school district: Provided, That no school district or vocational school district shall pay to the dependent or dependents of any employe in military or naval service a total of more than two thousand dollars ($2,000) per annum.

"No school district or vocational school district shall pay to the dependent or dependents of any employe more than the difference between the military or naval pay, including commutation and allowance of said employe, and the regular salary that said employe would have received if he were actually performing the duties of his regular position as an employe of the school district or vocational school district.

"No allowance shall be paid under the provisions of this act to the dependent or dependents of any employe, if his military or naval pay, including commutation and allowance, exceeds the regular salary that said employe would have received if he were actually performing the duties of his regular position."

In Retirement Payments by School Employes on Leave (No. 1), supra, we had occasion to quote from the majority decision in Kurtz v. Pittsburgh et al., supra, as follows (p. 386) :

"The Act of June 7, 1917, P. L. 600, as amended by the Act of June 25, 1941, P. L. 207 and by the Act of April 21, 1942, P. L. 50 and the Act of May 6, 1942, P. L. 106 so far as this original act and these later amendatory acts provide for the payment to dependent wives and children of public employees in the armed services of the United States, of one half of the salary of such employees, not to exceed $2000 per year, and the payments to parents of such sums as the employees had heretofore been accustomed to contribute to their dependent parents, are adjudged to be unconstitutional and void, and the City of Pittsburgh and each and all of its officers are enjoined from expending or causing to be expended any public funds under the provisions of these just cited acts and amendatory acts."

A cursory examination of the opinion of Chief Justice Maxey discloses that the attack against the constitutionality of the Act of June 7, 1917, P. L. 600, as amended, supra, was based upon unconstitutional payments to dependents of State employes, and not upon payments to State employes themselves. The court held on pages 373 and 374 as follows:

"The State Employes Retirement System and the Teachers' Tenure Act . . . bear no legal resemblance to the instant Act. The payments made to state employees and to teachers . . . are not gratuities made to the dependents of *some* employees."

Section 9 of the 1941 act, 24 PS §2371.8, provides the following:

"The provisions of this act are severable; if any provision shall be construed or deemed to be in violation of the Constitution of the Commonwealth or of the United States, or otherwise invalid, then the other

provisions herein shall not be affected thereby, but shall be enforced."

It is apparent from the decision in the Kurtz case that the Supreme Court declared unconstitutional only that feature of the 1917 act which provided for the payment of monetary benefits to the dependent or dependents of an employe. This being true, and when we consider the provisions of section 9 of the 1941 act, supra, it is apparent that as a result of the Kurtz decision only the provisions of section 3(c) of the 1941 act would be directly affected and invalidated as a consequence thereof. Therefore, all other provisions of the 1941 act remain unaffected and in full legal force.

2. Do the benefits of preservation of position through the granting of a military leave of absence continue to be valid and effective?

Section 1 of the 1941 act contains a statement of the legislative purpose in connection therewith and provides as follows:

"The Congress of the United States of America has enacted and the President of the United States has approved a statute, entitled, 'An act to provide for the common defense by increasing the personnel of the armed forces of the United States and providing for its training', in which it is provided that certain male citizens of the United States shall be liable for training and service in the land or naval forces of the United States under a system of compulsory selective induction into such forces.

"Under said statute and subsequent statutes of the United States of America and under the laws of the United States concerning the National Guard and the land and naval reserve forces, employes of school districts and vocational school districts in the Commonwealth of Pennsylvania may volunteer or be selected and assigned to military or naval service in defense of this nation.

*"It is hereby declared to be the intention of this act that such employes so affected shall retain all of the rights and privileges they shall have acquired prior to assignment to service under said Federal statutes, or any such rights and privileges they would have acquired or received, if they had not been assigned to such service; it is intended that such employes assigned to such service shall be considered in all respects to be continuing in the service of the school board or board of directors of vocational schools for which they were last working prior to such assignment to military or naval service."* (Italics supplied.)

The nature of the legislation is such that it calls for liberal interpretation. Even if this were not so, however, it is evident that the answer to your question presents no difficulty as reference to the provisions of the act which are not affected by the Kurtz decision clearly demonstrates that the legislature has preserved for any school or vocational school district employe, who is in military service of his country, his contract rights with the school district, as well as the right to return to his or her position, the rights to increments, seniority rights, retirement rights, credit for sabbatical leave and protection on the eligibility list of any school or vocational school district. See section 3 (*a*), (*b*), (*d*), (*e*) and (*f*), 24 PS §2371.3, and section 5 (*a*) and (*b*), 24 PS §2371.5, of the Act of August 1, 1941, P. L. 744. Therefore, your second question is answered in the affirmative.

3. Do the provisions of the act authorizing employment of substitutes in all cases in which the services of a substitute are necessary for performing the duties of the position remain unaffected by the Supreme Court decision?

In view of the discussion previously contained in this opinion and also by virtue of our ruling in Retirement Payments by School Eemployes on 'Leave (No. 1), supra, it is apparent that the answer to your third question is in the affirmative.

4. In those cases in which the application for military leave was filed and approved before the decision of the Supreme Court was handed down but no benefits had yet been paid, may all the benefits to which the applicant would have been entitled had the act stood the test of constitutionality be paid up to the date on which the opinion was rendered, or must such benefits not paid prior to the date of the decision remain unpaid?

As we have previously pointed out herein, the effect of the ruling of the Supreme Court in the Kurtz case, supra, was to render unconstitutional the provisions of section 3 (c) of the 1941 act which specifically provided for the payment of monetary benefits to the dependent or dependents of any school or vocational school district employe. Its effect was to prohibit further payments of any monetary benefits. Our opinion in this respect concurs with the ruling contained in form letter no. 10 addressed to the heads of all departments, commissions, bureaus, and officers of the Commonwealth issued by the Board of Review under date of March 24, 1943, wherein it was ruled that:

"Benefits not already increased, restored, or paid, in compliance with our form letter #9, dated 3 March, 1943, will not be increased, restored or paid."

5. Should an effort be made, either now or when the employe returns to his employment, to recover benefit overpayments resulting from retroactive "change in status" of the applicant?

The answer to your last question does not entail any legal interpretation but rather concerns itself with a matter purely administrative in character which is the prerogative of the Chief Executive of this Commonwealth insofar as State employes are concerned. In cases involving school and vocational school employes it is an administrative matter for their school board members.

Reference again to form letter no. 10 of the Board of Review hereinbefore cited indicates the following:

"Until and unless you are hereafter notified otherwise, no action or attempt shall be taken or made to recover any of the aforesaid benefits paid up to and including Sunday, 21 March 1943."

This ruling still applies insofar as State employes are concerned and nothing has occurred which necessitates any change of this particular ruling.

In view of the foregoing, it is our opinion and you are accordingly advised:

1. That only the provisions of section 3(c) of the Act of August 1, 1941, P. L. 744, 24 PS §2371.3, became null and void as a result of the decision of the Supreme Court of this Commonwealth in the case of Kurtz v. Pittsburgh et al., supra.

2. The preservation of all benefits of a position of any employe of a school or vocational school district continues to be valid and effective where such an employe has been granted military leave of absence under the provisions of the Act of August 1, 1941, P. L. 744, supra, despite the ruling in the Kurtz case, supra.

3. The provisions of the Act of August 1, 1941, P. L. 744, supra, which authorize the employment of a substitute where such services are necessary remain unaffected by the decision in the Kurtz case, supra.

4. In those cases where applications for military leave for any school or vocational school district employe were filed and approved before the decision of the Supreme Court in the Kurtz case was rendered, but no benefits had yet been paid, such benefits cannot be paid.

5. Whether any effort should be made now or when the school or vocational school district employe returns to his employment to recover monetary benefits paid previous to the effective ruling in the Kurtz case, supra, is a purely administrative matter which is the prerogative of the Chief Executive of this Common-

wealth insofar as State employes are concerned, and of the various school boards of the school or vocational school districts which have granted military leave to their employes.